## MONEY OBTAINED BY FALSE PRETENSES.

Circuit Court of Cuyahoga County.

### J. H. MATCHETT v. EMMA F. ALLEN.

Decided, June 14, 1909.

*Bankruptcy—Claim for Money Obtained Under False Pretenses Not Discharged.*

Under the 1903 amendment of the national bankruptcy act, claims for money obtained under false pretenses are not discharged by an adjudication in bankruptcy.

*J. C. Heald,* for plaintiff in error.
*Noah S. Good,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Allen sued Matchett to recover money obtained of her by false pretenses. The false pretenses consisted in representing that he had money in the bank to meet a check which he induced Allen to cash for him, when, in fact, he had no funds. Matchett pleaded his discharge in bankruptcy, and actual knowledge of the pendency of the bankruptcy proceedings on the part of Allen, though the debt was not scheduled. Allen met this defense with the suggestion that the bankruptcy act does not discharge claims for money obtained under false pretenses. Matchett then suggested that the false pretenses must be in writing.

Upon submission of the controversy to a jury, it found for Allen. This verdict was right, for Matchett's claims are not maintainable under the 1903 amendment of the bankruptcy act.

The leading work on this subject, *Remington on Bankruptcy,* Sections 2746, 2747 and 2751, read as follows:

"2746. Liabilities for obtaining property by false pretenses or false representations, are excepted from the operation of discharge.

"This exception was added by the amendment of 1903, and took the place of the former provision that read: 'Judgments

for fraud or for obtaining property by false pretenses or false representations.'

"2747.  Not all classes of fraud come under this section (although other frauds are excepted by a later provision if committed as an officer or in a fiduciary capacity) but only such frauds as are embraced within the term 'obtaining property by false pretenses or false representations.' The term is more restricted in respect to the classes of fraud embraced within its exceptions than was the law before the amendment of 1903, although broader in the other respect that judgment is not a prerequisite.

"2751.  The false representations need not necessarily have been made in writing in order to except the debt from the discharge.

"*Obiter, Katzenstein* v. *Reid*, 16 A. B. R., 746 (Ct. App. Tex.) : 'There is no requirement in amended Section 17 as to manner in which the false pretenses or false representations shall be conveyed to the defrauded party, and we do not believe that the national Legislature intended that a requirement that such pretenses or representations should be in writing should be read from Section 14 into Section 17. In the first section it is provided that the bankrupt shall not be discharged if he has obtained property on credit upon a materially false statement in writing made to the person defrauded for the purpose of obtaining such property on credit; but in Section 17 it provides that such discharge will not release the bankrupt from liabilities for obtaining property under false pretenses. The two provisions are not antagonistic, and there is no warrant for reading one into the other.''

We find no errors in the record and the judgment is affirmed.